UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DEVELOPERS SURETY AND INDEMNITY COMPANY,

Plaintiff,

v.

PUGET SOUND QUALITY CONSTRUCTION, INC.; and JOSE LUIS CADENAS CUEVAS

Defendants.

No. 2:24-cv-370

**COMPLAINT FOR DECLARATORY JUDGMENT**

Comes now Plaintiff Developers Surety and Indemnity Company by and through its attorneys Cozen O'Connor, and alleges as follows:

## I.    INTRODUCTION

1.1    This is an insurance coverage action brought under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a).  Plaintiff DSIC seeks a declaration that it has no duty to defend or indemnify Defendant Puget Sound Quality Construction, Inc., with respect to claims asserted by Jose Luis Cadenas Cuevas in the lawsuit styled *Jose Luis Cadenas Cuevas, et al. v. Noble Truss & Lumber, Inc., et al.*, Superior Court for the State of Washington, the County of Chelan, Case No. 21-2-01055-04 (the "Underlying Lawsuit").

COMPLAINT FOR DECLARATORY
JUDGMENT - 1
CASE NO. 2:24-cv-370

LEGAL\73498053\2

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

## II.    PARTIES

2.1    Plaintiff Developers Surety and Indemnity Company ("DSIC") is a California corporation with its principal place of business at Irvine, California. At all relevant times, DSIC was, and is now, authorized to do business in the State of Washington.

2.2    On information and belief, Defendant Puget Sound Quality Construction, Inc. ("PSQC"), is a Washington corporation with its principal place of business in Manson, Chelan County, Washington, and which, upon information and belief, has two principal owners, members, and/or shareholders: Michael A. Para, and Teri L. Para.

2.3    On information and belief, at all relevant times, Defendant Jose Luis Cadenas Cuevas ("Cuevas") was a Washington resident residing in Kennewick, Washington, Benton County.

## III.    JURISDICTION

3.1    This court has jurisdiction under 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

3.2    Venue is proper under 28 U.S.C. § 1391(b) because PSCQ is a resident of the Eastern District of Washington, Cuevas is a resident of the Eastern District, and/or a substantial part of the events giving rise to this action occurred in the Eastern District of Washington, and/or PSQC and Cuevas are subject to the Court's personal jurisdiction in the Eastern District of Washington.

3.3    An actual controversy exists between the parties regarding DSIC's obligations under the liability insurance policy that it issued to PSQC in response to PSQC's request for defense and indemnity coverage from DSIC for the claims asserted against PSQC in the Underlying Lawsuit.

COMPLAINT FOR DECLARATORY
JUDGMENT - 2
CASE NO. 2:24-cv-370

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\73498053\2

3.4   Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), this Court has the power to declare all rights, duties, and obligations under an insurance policy, whether or not further relief is or could be sought.

## IV.   FACTS

### A.   The Insurance Policy

4.1   DSIC issued to PSQC Commercial General Liability Policy No. BIS00025118-04, effective April 27, 2019 through April 27, 2020 (the "Policy"). A true and correct copy of the DSIC policy is attached hereto as **Exhibit A**.

4.2   The Policy provides general liability coverage in the amount of $1,000,000 per occurrence, a $2,000,000 limit for products/completed operations coverage, and a $2,000,000 general aggregate limit.

4.3   The Policy affords coverage pursuant to its terms, conditions, limitations and exclusions. DSIC incorporates by reference all of the terms conditions, limitations and exclusions of the Policy as though asserted herein.

4.4   In relevant part, the Policy's Bodily Injury and Property Damage Liability Insuring Agreement states:

> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

COMPLAINT FOR DECLARATORY
JUDGMENT - 3
CASE NO. 2:24-cv-370

LEGAL\73498053\2

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

    **b.** This insurance applies to "bodily injury" and "property damage" only if:

        **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        **(2)** The "bodily injury" or "property damage" occurs during the policy period[.]

4.5    The Policy defines the term "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

4.6    The Policy defines the term "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

4.7    The Policy includes the Injury to Employees – Washington Exclusion Endorsement, Form ID 01 48 06 18, which states in pertinent part:

> An additional exclusion is added to **SECTION 1. COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY, Paragraph 2. Exclusions** and **COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY, Paragraph 2. Exclusions.**
>
> zz.    Liability For "Bodily Injury" To Any "Employee" Other Than An "Employee" Of The Named Insured Shown In the Declarations
>
>     (1)    "Bodily Injury" To An "Employee" Where Any "Insured" Relationship Exists
>
>         (a)    "Bodily injury" to any "employee" of any "insured" other than the Named Insured shown in the Declarations, and/or any "employee" of any contractor or subcontractor hired or retained by or for any "insured", which arises out of or is in any way related to or is a consequence of his or her employment with any "insured" other than the Named Insured shown in the Declarations, or the performance of his or her duties related to the business of any "insured" other than the Named Insured shown in the Declarations, or the

COMPLAINT FOR DECLARATORY
JUDGMENT - 4
CASE NO. 2:24-cv-370

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\73498053\2

performance of his or her duties related to the business of any contractor or subcontractor hired or retained by any "insured", for which any "insured" other than the Named Insured shown in the Declarations may be liable in any capacity; and/or

 (b) "Bodily injury" sustained by the spouse, child, parent, brother, sister, or heir of any "employee" of any "insured" other than the Named Insured shown in the Declarations, and/or any "employee" of any contractor or subcontractor hired or retained by or for any "insured", which arises out of or is related to or is a consequence of any "bodily injury" to any "employee" of any "insured" other than the Named Insured shown in the Declarations, or any "employee" of any contractor or subcontractor hired or retained by or for any "insured", for which any "insured" other than the Named Insured shown in the Declarations may be liable in any capacity.

(2) "Bodily Injury" To An "Employee" Where No "Insured" Relationship Exists

 (a) "Bodily injury" to any "employee" of any contractor, sub-contractor, or materialman on any "jobsite" on which you are or have been performing operations; or

 (b) "Bodily injury" sustained by the spouse, child, parent, brother or sister or heir of any "employee" of any contractor, subcontractor, or materialman on any "jobsite" on which you are or have been performing operations.

(3) Any statutory, contractual or other legal obligation of any "insured" to defend or indemnify, hold harmless or contribute to any claim or suit seeking damages arising out of or related to "bodily injury" or damages described in sections (1) and (2) above.

For purposes of this endorsement, "bodily injury" includes, but is not limited to, any damages for loss of consortium, loss of care, comfort and society, loss of services, loss of financial support, and any liability assumed or required under any statute, contract or agreement.

For purposes of this endorsement, "employee" of an insured other than the Named Insured shown in the Declarations

COMPLAINT FOR DECLARATORY JUDGMENT - 5
CASE NO. 2:24-cv-370

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\73498053\2

includes a "temporary worker", special employee, "leased worker", sole proprietor, partner, member, officer and director.

For purposes of this endorsement, "insured" includes but is not limited to an additional insured.

For purposes of this endorsement, "job site" means any location, whether or not on more than one lot, and whether or not those lots are contiguous, and including the ways and means adjoining any such location.

All other terms and conditions remain unchanged.

4.8 The Policy includes the Additional Conditions Endorsement, ID 00 06 01 14, which states as follows:

The following conditions precedent to coverage are added to and form part of the policy:

1. You must be named an additional insured on the commercial general liability policy of each contractor and subcontractor that performs work on your behalf throughout the time of each such contractor's and subcontractor's performance, and each such policy must provide defense as well as indemnity to you as an additional insured.

2. You must obtain a certificate of insurance from each contractor and subcontractor that performs work on your behalf prior to the commencement of each such contractor's and subcontractor's work indicating that each such contractor and subcontractor has a commercial general liability policy in effect.

3. Both the policy within which you are named as an additional insured and the certificate of insurance you obtain must have each occurrence, general aggregate, and products completed operations aggregate limits, including sublimits, in an amount equal to or greater than this policy.

4. You must obtain a hold harmless agreement from each of your contractors and subcontractors, indemnifying you against all loss in any way related to work performed on your behalf by each such contractor and subcontractor.

4.9 The Policy includes the Washington Changes – Defense Costs Endorsement Form, IL 01 23 11 13, which states:

COMPLAINT FOR DECLARATORY JUDGMENT - 6
CASE NO. 2:24-cv-370

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\73498053\2

**WASHINGTON CHANGES – DEFENSE COSTS**

    **A.**    The provisions of Paragraph **B.** are added to all Insuring Agreements that set forth a duty to defend. . .

    **B.**    If we initially defend an insured ("insured") or pay for an insured's ("insured's") defense but later determine that none of the claims ("claims"), for which we provided a defense or defense costs, are covered under this insurance, we have the right to reimbursement for the defense costs we have incurred.

        The right to reimbursement under this provision will only apply to the costs we have incurred after we notify you in writing that there may not be coverage and that we are reserving our rights to terminate the defense or the payment of defense costs and to seek reimbursement for defense costs.

4.10   The Policy contains various other exclusions, conditions, endorsements, and limitations, which are incorporated herein by reference.

**B.**    <u>The Underlying Dispute and DSIC's Coverage Investigation</u>

4.11   Cuevas filed the Underlying Lawsuit against PSQC and Noble Truss and Lumber, Inc. ("NTL") on December 19, 2022, in Superior Court for the State of Washington, County of Chelan, Case No. 21-2-01055-04. A true and correct copy of the Complaint in the Underlying Lawsuit is attached hereto as **Exhibit B**, and incorporated herein by reference.

4.12   In the Underlying Lawsuit, Cuevas asserts claims against and seeks recovery from PSQC and NTL for personal injuries sustained on a residential construction project in Manson, Washington (the "Project").

4.13   In the Underlying Lawsuit, Cuevas alleges he was performing framing work on the project as an employee of Nelson, who was retained by PSQC

COMPLAINT FOR DECLARATORY
JUDGMENT - 7
CASE NO. 2:24-cv-370

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\73498053\2

as a framing subcontractor. Cuevas alleges that on December 23, 2019, NTL's boom truck arrived on the worksite to deliver building trusses. Cuevas claims that within the scope of his work as an employee of Nelson, he was standing on top of the house instructing the driver of the boom truck where to place the trusses when the driver lost control of a truss bundle, which swung and impacted Cuevas, knocking him off the top of the home and onto a plywood floor.

4.14    Cuevas seeks damages in excess of $75,000 from PSQC. Cuevas seeks damages for physical injuries, past and future medical expenses, past and future pain and suffering, past and future mental and emotional distress, past and future economic losses, attorney fees/costs, interest on all medical and out-of-pocket expenses, and past and future loss of consortium in amounts to be proved at trial.

4.15    Cuevas claims both PSQC and Nelson were aware that Cuevas was on the top of the roof and asserts negligence claims against both PSQC and NTL. Cuevas alleges NTL acted as a subcontractor on the Project and PSQC is responsible for the negligent acts of its subcontractors.

4.16    NTL did not execute a written contract or agreement with PSQC related to its work on or related to the Project.

4.17    Nobel did not execute a written contract or agreement with PSQC related to its work on or related to the Project.

4.18    On or about June 6, 2023, PSQC tendered the Underlying Lawsuit to DSIC, requesting defense and indemnity coverage from DSIC. DSIC accepted PSQC's defense of the Underly Lawsuit subject to an express reservation of DSIC's rights and defenses. A true and correct copy of DSIC's initial reservation of rights to PSQC is attached as **Exhibit C.**

COMPLAINT FOR DECLARATORY
JUDGMENT - 8
CASE NO. 2:24-cv-370

LEGAL\73498053\2

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

4.19    DSIC retained defense counsel to defend PSQC subject to an express reservation of rights and reserved rights on, among other things, the Policy's Exclusion – Injury To Employees – Washington, endorsement ID 01 48 06 18; the Additional Conditions Endorsement, ID 00 06 01 14; and the Washington Changes – Defense Costs, endorsement IL 01 23 11 13.

4.20    DSIC similarly reserved the right to limit or disclaim coverage under various other policy terms, conditions, exclusions, endorsements, and limitations.

4.21    The Injury to Employees Exclusion precludes coverage for PSQC's liability for "bodily injury" to an employee of any contractor, subcontractor, or materialman at any location on which PSQC is or has been performing operations. The endorsement expands the definition of "bodily injury" to include damages for loss of consortium, loss of care, comfort and society, loss of services, and loss of financial support.

4.22    Under the plain language of the DSIC Policy's Injury to Employees Exclusion, the Policy precludes coverage for PSQC's liability for "bodily injury" sustained to the employees of its subcontractors at locations where PSQC is performing operations.

4.23    Here, Cuevas alleges he was working on the job site on the date of loss as an employee of PSQC's subcontractor, Nelson, and additional documents including Nelson's Notice of Injury form, L&I documents, and Cuevas' own discovery responses and statements, confirm Cuevas was employed by Nelson at the time of loss.

4.24    Accordingly, the Policy's Injury to Employees Exclusion precludes DSIC's ongoing coverage obligations to PSQC.

4.25    The Policy's Additional Conditions Endorsement requires PSQC to meet specific conditions as a prerequisite to coverage. These conditions include:

COMPLAINT FOR DECLARATORY JUDGMENT - 9
CASE NO. 2:24-cv-370

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\73498053\2

 (1) PSQC must be named as an additional insured (for defense and indemnity) on the liability policy of each subcontractor performing work on its behalf;

 (2) PSQC must obtain a certificate of insurance from each subcontractor, prior to the commencement of their work, indicating each subcontractor has commercial general liability coverage in effect;

 (3) such subcontractors' policy must provide each occurrence, general aggregate, and products-completed operations aggregate limits that are equal to or greater than R.W. Anderson's Policy; and

 (4) PSQC must obtain a hold harmless agreement from each subcontractor indemnifying PSQC against all loss in any way related to work performed on PSQC's behalf by each subcontractor.

 4.26 During its ongoing investigation, DSIC learned that PSQC did not satisfy the conditions listed in the Policy's Additional Conditions Endorsement.

 4.27 PSQC did not obtain hold harmless agreements from Nelson or NTL related to the Project and was not named as an additional insured on the insurance policies issued to Nelson or NTL.

 4.28 Although PSQC obtained a certificate of insurance from Nelson, and such certificate of insurance indicates PSQC qualifies as an additional insured under Nelson's policy, the additional insured endorsement applies only when additional insured coverage is required by a written contract or agreement, and PSQC did not execute a subcontract with Nelson or obtain a hold harmless agreement.

 4.29 PSQC has failed to comply with its obligations under the Policy's Additional Conditions Endorsement.

 4.30 As a result of this failure, and among other things, PSQC has been unable to obtain insurance coverage for the claims against it in the Underlying

COMPLAINT FOR DECLARATORY JUDGMENT - 10
CASE NO. 2:24-cv-370

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\73498053\2

Lawsuit as an additional insured under the insurance policies of any other parties who performed work on the Project. Thus, DSIC has been forced to unilaterally fund PSQC's defense, without contribution from any other insurer or party.

4.31    Insurance coverage under the Policy is precluded because PSQC failed to comply with the Policy's Additional Conditions Endorsement.

4.32    The Policy's Washington Defense Cost endorsement allows DSIC to seek reimbursement of its defense costs if it is determined that none of the claims for which DSIC provided a defense are covered.

4.33    This right to reimbursement is applicable to costs DSIC has incurred after it notifies PSQC, in writing, that there may be no coverage and reserves the right to seek reimbursement.

4.34    DSIC notified PSQC, in writing, that there may be no coverage, and reserved the right to seek reimbursement on June 9, 2023.

4.35    Other provisions of the Policy may apply to limit and preclude coverage. DSIC reserves the right to assert additional bases for declaratory judgment under the attached Policy.

## V.    FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

5.1    DSIC re-alleges paragraphs 1.1 through 4.35 as if fully set forth here.

5.2    An actual and justiciable controversy exists between DSIC and PSQC within the meaning of 28 U.S.C. § 2201 with respect to insurance coverage under the Policy's terms and applicable law.

5.3    PSQC contends that the Policy provides insurance coverage for the Underlying Lawsuit. DSIC contends that defense and indemnity coverage is wholly barred.

COMPLAINT FOR DECLARATORY
JUDGMENT - 11
CASE NO. 2:24-cv-370

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\73498053\2

5.4    DSIC seeks a declaration that is Policy affords no defense or indemnity coverage to PSQC for the claims asserted against PSQC in the Underlying Lawsuit.

5.5    DSIC contends that coverage is barred under the Policy by, and among other things, operation of the Policy's Injury to Employees Exclusion.

5.6    The Injury to Employees Exclusion precludes coverage for PSQC's liability for "bodily injury" to an employee of any contractor, subcontractor, or materialman at any location on which PSQC is or has been performing operations, and Cuevas alleges he was working on the job site on the date of loss as an employee of PSQC's subcontractor, Nelson, and additional documents including Nelson's Notice of Injury form, L&I documents, and Cuevas' own discovery responses and statements, confirm Cuevas was employed by Nelson at the time of loss.

5.7    DSIC contends that coverage is barred under the Policy by, and among other things, operation of the Policy's Additional Conditions Endorsement.

5.8    Pursuant to the Policy's Additional Conditions Endorsement, as a condition precedent to coverage, PSQC must be named as an additional insured on the liability policy of its subcontractors, must obtain a certificate of insurance from each subcontractor, prior to the commencement of their work, and must obtain a hold harmless agreement from each subcontractor indemnifying PSQC against all loss in any way related to work performed on PSQC's behalf by each subcontractor.

5.9    PSQC failed to satisfy the Policy's Additional Conditions Endorsement as PSQC was not named as an additional insured on the liability policies of its subcontractors on the Project and did not obtain hold harmless agreements. As a result of these failures, DSIC has been prejudiced as it has been

COMPLAINT FOR DECLARATORY JUDGMENT - 12
CASE NO. 2:24-cv-370

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\73498053\2

forced to unilaterally fund PSQC's defense and cannot benefit from the hold harmless and indemnity agreements that PSQC was required to obtain.

5.10   Coverage under the Policy is precluded because PSQC failed to comply with the Policy's Additional Conditions Endorsement.

5.11   DSIC contends coverage under the Policy is further limited and/or barred by other terms, conditions, limitations, exclusions, and/or endorsements.

5.12   DSIC seeks a declaration that the Policy affords no defense or indemnity coverage to PSQC for the claims asserted against PSQC in the Underlying Lawsuit.

5.13   DSIC further contends that it is entitled to reimbursement of the defense costs it has incurred from June 9, 2023 forward, the date on which DSIC advised PSQC in writing of the Washington Changes – Defense Cost Endorsement and DSIC's intention to enforce the same.

5.14   DSIC seeks a declaration it is entitled to reimbursement—from PSQC—of the fees and costs DSIC has incurred in defending PSQC, in accordance with the Policy's Washington Changes – Defense Cost Endorsement.

5.15   DSIC seeks a declaration it is not obligated to defend or indemnify PSQC under the Policy and can withdraw from PSQC's defense of the Underlying Lawsuit.

5.16   To the extent necessary, DSIC seeks a declaration regarding the application of other terms and conditions of the Policy.

5.17   A judicial declaration is necessary and appropriate at this time so that DSIC can ascertain its duties under the Policy.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Developers Surety and Indemnity Company respectfully prays for a declaration of this Court that:

COMPLAINT FOR DECLARATORY JUDGMENT - 13
CASE NO. 2:24-cv-370

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\73498053\2

  (a) The Policy's Injury to Employees Exclusion applies to preclude coverage.

  (b) PSQC failed to comply with the Policy's Additional Conditions Endorsement;

  (c) PSQC's failure to comply with the Additional Conditions Endorsement bars coverage for the Underlying Lawsuit;

  (d) DSIC is not obligated under the Policy's to further defend or indemnify PSQC in the Underlying Lawsuit and is permitted to withdraw from PSQC's defense;

  (e) The Policy's other terms and conditions limit and/or bar defense and indemnity coverage under the Policy for the claims asserted against PSQC in the Underlying Lawsuit;

  (f) DSIC is entitled to reimbursement, from PSQC, of the costs DSIC has incurred defending PSQC in the Underlying Lawsuit since June 9, 2023, in accordance with the Policy's Washington Changes – Defense Cost Endorsement; and

  (g) Such other relief as the Court may deem just and proper.

DATED this 28th day of October, 2024.

          COZEN O'CONNOR

          By:  /s/ Peter Berg
            Peter Berg, WSBA No. 46757
            999 Third Avenue, Suite 1900
            Seattle, Washington 98104
            Telephone: 206.340.1000
            Email:  pberg@cozen.com

          *Attorney for Plaintiff Developers Surety and Indemnity Company*

COMPLAINT FOR DECLARATORY JUDGMENT - 14
CASE NO. 2:24-cv-370

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\73498053\2